UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| QUINTON RODEFFER PERKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01124-JPH-TAB |
| | ) | |
| FAYETTE COUNTY POLICE | ) | |
| DEPARTMENT, | ) | |
| JOSH TUDOR, | ) | |
| CLINT BROWN, | ) | |
| FAYETTE COUNTY SHERIFF'S | ) | |
| DEPARTMENT, | ) | |
| ZACH JONES, | ) | |
| JOSHUA SPARKS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING AMENDED COMPLAINT AND PROVIDING
OPPORTUNITY TO AMEND AGAIN**

Plaintiff Quinton Rodeffer Perkins, pro se, was a pretrial detainee at the
Fayette County Jail (the Jail) at times relevant to his complaint. On August 25,
2025, he filed an amended complaint under 42 U.S.C. § 1983, alleging that the
defendants violated his constitutional rights. Dkt. 15. Because Mr. Perkins is a
"prisoner," this Court must screen the complaint before service on the
defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening an amended complaint, the Court must dismiss any
portion that is frivolous or malicious, fails to state a claim for relief, or seeks
monetary relief against a defendant who is immune from such relief. 28 U.S.C.
§ 1915A(b). To determine whether the amended complaint states a claim, the

Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, an amended complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

The Court accepts Mr. Perkins' factual allegations as true at the pleading stage but not his legal conclusions. *See Iqbal*, 556 U.S. at 678 ("we must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555)). He names four defendants: 1) Josh Tudor, Fayette Police Officer; 2) Clint Brown, Fayette Police Officer; 3) Joshua Sparks, Fayette County Sheriff's Department; and 4) Zach Jones, Fayette County Sheriff's Department. He seeks compensatory damages.

Mr. Perkins was arrested on August 23, 2024, and booked into the Jail. Dkt. 15 at 7. When handcuffed, he was taken into a room and slammed onto the ground. *Id.* One sheriff had a knee on Mr. Perkins' neck until he was unable to breathe while other officers sat on top of him holding him down. *Id.* The officers

2

stripped him naked, forced a pair of jail pants on him, and then strapped him in a detaining chair for about 3 hours without access to a bathroom. The officers then laughed at him. *Id.*

### III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the amended complaint, the amended complaint must be dismissed for failure to state a claim upon which relief may be granted.

Because Mr. Perkins was "a pretrial detainee, his conditions-of-confinement claims arise under the Due Process Clause of the Fourteenth Amendment, which is governed by an objective standard." *Kemp v. Fulton Cnty.*, 27 F.4th 491, 495 (7th Cir. 2022). To state a violation of due process, a detainee must allege that the challenged conduct was "objectively unreasonable." *Id.* (internal quotation omitted). "[N]egligence is not enough." *Id.* at 497.

"[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

Although the alleged use of force rises to the level of a constitutional violation, there are no factual allegations against the named defendants. The

amended complaint does not describe which sheriff's department defendant did what when. In addition, there are no allegations against any police officers. Therefore, the claims against all defendants are **dismissed for failure to state a claim upon which relief can be granted.**

Because the Court has been unable to identify a viable claim for relief against any defendant, the amended complaint is subject to dismissal.

### IV. Opportunity to File a Second Amended Complaint

The dismissal of the amended complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow Mr. Perkins to amend his complaint again if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

Mr. Perkins shall have **through November 24, 2025, to file a second amended complaint**.

The second amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b)

include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, Mr. Perkins must use the Court's complaint form. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983). The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with Mr. Perkins' copy of this Order.

Any second amended complaint should have the proper case number, **1:25-cv-01124-JPH-TAB** and the words "Second Amended Complaint" on the first page. The second amended complaint will completely replace the previous complaints. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If Mr. Perkins files a second amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no second amended complaint is filed by the given deadline, this action will be dismissed for failure to state a claim upon which relief can be granted, without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 10/29/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

QUINTON RODEFFER PERKINS
Fayette County Jail
123 W. 4th St.
Connersville, IN 47331